REED for appellant; HARLAN and CALLENDER for appellee.

*COMMONWEALTH*
*vs.*
*BRONSON.*

---

## Commonwealth *vs.* Bronson.

### ERROR TO MEADE CIRCUIT.

1. The sureties in a recognizance for the appearance of one charged with a felony, have a right, at any time before the day of appearance, to surrender their principal, which is a discharge to them from the obligation of their recognizance. If the court to which the prisoner is bound to appear be in session, the surrender should be to that court; if not in session, to the justices or one of them or other tribunal which took the recognizance.

2. If bail surrender their principal to the custody of the jailer, and the principal be discharged by legal authority, on *habeas corpus*, however erroneously, it is a discharge of the bail from the obligation of the recognizance.

Judge SIMPSON delivered the opinion of the court.

SCI. FA.

Case 35.

14m 291
91 590  *361*

January 21.

Case stated.

A *scire facias* was issued in this case, on a recognizance executed by Bronson and his sureties, before two justices of the peace for Meade county, conditioned for the appearance of said Bronson before the next circuit court in said county, on the first day of the term, to abide the determination of the court in a prosecution against him on a charge of felony, in which case the two justices before whom the recognizance was taken had set as an examining court, and had, in that capacity, determined that the accused should be tried in the circuit court.

Bronson's sureties appeared and pleaded that, after the execution of the recognizance upon which the *scire facias* issued, they arrested their principal and took him before one of the two justices, that constituted the examining court, that sent him on for further trial, and requested him to issue a process, authorizing them to imprison and keep him to answer the charge in the recognizance mentioned, which the justice refused to do, and that, thereupon, they surrendered him to the jailer of the county, who took him into custody and imprisoned him in the jail of the county, and would have kept him until he had been duly discharged by the circuit court, but that a writ of *habeas corpus* was issued by the aforesaid justice, he having full power and authority to issue the same and act under it, by which Bronson, their principal, was taken from the jailer of the county, and on due proceedings had under said writ, was discharged from custody and departed. Which facts they relied upon as sufficient to discharge them from all liability on their recognizance. This plea was demurred to, but the demurrer was overruled, and a judgment rendered for the defendants. The sufficiency of the plea is the only question presented for our determination.

In legal contemplation a prisoner, notwithstanding he is bailed, remains in the custody of the persons who become his bail, and they have a right, at any time, to discharge themselves by a surrender of their principal. If the circuit court be in session, the surrender should be made to it, as the sureties are bound that the prisoner shall appear in that court and answer to the prosecution against him; if, however, they should desire to make a surrender before the commencement of the term of the circuit court at which the prisoner is recognized to appear, it should be made to the same tribunal that sent him to the circuit court for further trial. Either of the two justices that constituted the examining court should, upon application by the bail, to make a surrender of the prisoner, procure the attendance of the other justice, receive the

1. The sureties in a recognizance for the appearance of one charged with a felony, have a right, at any time before the day of appearance, to surrender their principal, which is a discharge to them from the obligation of their recognizance. If the court to which the prisoner is bound to appear be in session, the surrender should

surrender, and commit the prisoner to jail, unless he gives other bail for his appearance at the next term of the circuit court.

In this case, according to the allegations of the plea, no legal surrender was made. The prisoner, however, was still in the custody of the bail, as they had induced the jailer of the county to keep him for *them*. They had a right to the custody of him, and if they imprisoned him his only remedy was by writ of *habeas corpus*, upon the trial of which his bail should have been discharged, and he should have been permitted to have given other bail in their place, or upon failure to do so have been regularly committed to jail. But if, while he was so held in custody by his bail, a justice who had the legal power to do it, took him from their custody, by a writ of *habeas corpus*, and discharged him, they certainly should not be held responsible to the commonwealth, upon their recognizance, for his appearance at the circuit court.

It is true that the act of the justice was improvident, and indeed illegal; but as the law had invested him with power to do the act, the illegal exercise of that power did not render the act itself void. It was the duty of the bail to submit to a decision made by an officer of the government, having jurisdiction in such cases; and as, by that decision, they were deprived of the custody of the prisoner, they had no power to compel his appearance, and must therefore be considered as having been discharged, from all obligations to do it, as the commonwealth herself, through one of her organs, had prevented its performance, consequently the plea presented a valid defense to the *scire facias*.

Wherefore, the judgment is affirmed.

HARLAN, Attorney General, for Commonwealth.